IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−0685−NJR |
| ) | |
| PEOPLE OF THE STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff James Bean, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, at least according to the box he checked on his complaint form. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the

*pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## DISCUSSION

The only defendant listed by Plaintiff in the case caption is "People of the State of Illinois." Plaintiff cannot sue the state of Illinois, because it has not waived its sovereign immunity. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

Further review of the complaint reveals, however, that Plaintiff is not seeking any relief that could be granted under Section 1983. Plaintiff's requested relief is: "this Honorable Court help to have all charges drop [sic], vacated in order to be release [sic] from the custody of the State to have the mistake made against me drop [sic] and overturned into time served, in order to be free from the Department of Corrections or could the life be vacated . . ." Plaintiff's complaint is made up of reasons why his criminal conviction and sentence are improper and should be overturned, vacated, or dismissed. It does not appear that any conduct which occurred at Menard is at issue.

This Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute—in this case 42 U.S.C. § 1983—is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for

writ of habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Section 1983 jurisdiction is displaced if the habeas corpus remedy applies. *Lumbert v. Finley*, 735 F.2d 239, 242 (7th Cir. 1984).

Here, Plaintiff is clearly seeking outright freedom, and thus his claim arises under the habeas corpus statutes. The Court notes that Plaintiff omitted a previous habeas proceeding that he initiated in this Court in Case No. 11-cv-0715-DRH-PMF from his litigation history. That matter ended unfavorably for Plaintiff, which is perhaps why Plaintiff is seeking relief under Section 1983. Nevertheless, Plaintiff must seek relief under the appropriate statute. This Court currently lacks jurisdiction to grant Plaintiff the relief he seeks. For this reason, this action shall be dismissed with leave to re-file it as a habeas corpus case, should Plaintiff wish to pursue the matter.[1]

## PENDING MOTIONS

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Even so, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel

---

[1] Because Plaintiff has already filed one habeas petition, he is bound by the rules governing successive petitions.

for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant requests the assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Plaintiff left the section of the form blank that asks about his attempts to recruit counsel. (Doc. 3). He did not otherwise describe any attempts to recruit counsel or attach any exhibits. Because Plaintiff has not made his required showing that he attempted to secure counsel on his own, his motion (Doc. 3) is **DENIED**.

## DISPOSITION

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Although the dismissal is with prejudice, should Plaintiff wish to pursue these claims, he may re-file them as a habeas case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-

day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: August 11, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**